### Blackwell *v.* Scouten, Appellant.

*Will—Devise—Lapse—Decease of devisee in lifetime of testator—Act of April 8, 1833, P. L. 250.*

Where a testator devises land to his son subject to the payment of a certain sum to his wife and heirs, and if the son does not desire to take the land and pay said amount then to a second son, and the first son dies in his father's lifetime leaving a son, the devise does not lapse, but under the Act of April 8, 1833, P. L. 250, sec. 12, vests in the son of the first beneficiary.

Argued March 19, 1901. Appeal, No. 97, Jan. T., 1901, by defendant, from judgment of C. P. Bradford Co., May T., 1900, No. 56, on case stated for plaintiff in case of A. C. Blackwell, Guardian of Eugene B. Scouten, v. Charles W. Scouten. Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Affirmed.

Ejectment case stated to determine title to real estate.

The material portions of the case stated are as follows:

That each of the said parties claim title to the lands in suit under and by virtue of the provisions contained in the last will and testament of Charles R. Scouten, who died testate and seized thereof in fee on July 26, 1900 ; the said will and testament was duly probated before the register of wills of said county on August 8, 1900, and recorded on the same day in register's docket, No. 13, p. 131, etc., a copy of which and of the codicil thereto is hereto attached and made a part hereof.

The said will, inter alia, contains the following provision, viz :

" I give and bequeath unto my beloved son Allen O. Scouten the balance of my personal property and my homestead farm where I now live, containing about two hundred acres, more or less, and that my son Allen O. Scouten pay to my heirs and my wife the sums herein mentioned to be paid to them, and if he does not desire to take the farm and property and pay said amounts then it is my will that my son Charles W. Scouten take the same and pay the bequests and pay to my son Allen O. Scouten six hundred dollars."

The lands in controversy in this suit constitute the homestead farm mentioned in the foregoing clause or provision of the said will.

That Allen O. Scouten, one of the sons of the said testator and mentioned in the said clause or provision of his will, died intestate on September 1, 1896, and left to survive him a widow and one child, Eugene B. Scouten, now about sixteen years of age, who by his guardian is the plaintiff in this action of ejectment, and seeks to recover possession of the said homestead farm or lands by virtue of the provisions contained in the said will in favor of his father, Allen O. Scouten.

The defendant, Charles W. Scouten, is the other son of the said testator and mentioned in the said clause or provision of his will; he is fifty-seven years of age, and soon after the death of his father, as soon as he became acquainted with what the provisions of his said will were, he elected to take, his brother Allen O. Scouten being dead, the said homestead farm or lands in suit mentioned in the said provision of said will, and is now in possession of the same and claims title to the same, and is willing to comply with the provisions of the will in regard to

paying the said several sums of money therein bequeathed to other persons, when and as the same become payable.

Eugene B. Scouten, the plaintiff by his guardian, has also elected to take the homestead farm or lands in suit, mentioned in the said provision of said will, claims title thereto, and is willing to comply with the provisions of the will in regard to paying the said several sums of money therein bequeathed to other persons, when and as the same become payable.

The said Eugene B. Scouten has not personally or through his guardian or any one authorized to act for him expressed a determination or wish not to take the homestead farm under the provisions of said will, nor has he or any other person for him given consent to the defendant's taking possession of said real estate, and that immediately upon learning what the provisions of said will were, he made known his desire to take said farm and comply with the conditions of his grandfather's will.

The court in an opinion by DUNHAM, P. J., entered judgment for plaintiff.

*Error assigned* was in entering judgment for plaintiff.

*I. McPherson*, with him *I. N. Evans*, for appellant.—The testator put Allen to his election of the property, or of the money legacy. If he had survived the testator he could only have defeated Charles's right to take the property by electing to take it himself.

This he might or might not have done. It would, no doubt, have depended upon which he considered the most beneficial to him, the property, cum onere, or the money legacy.

But the testator has virtually or substantially said that if Allen does not take the property that Charles shall have it; in other words that Charles shall take it, unless Allen desires to take it.

If a legacy be given to one by name, and in the event of his death, to another, the alternative gift will take effect, if the legatee die in the lifetime of the testator: May's Appeal, 41 Pa. 512; Wager v. Wager, 96 N. Y. 164; Harris's Est., 74 Pa. 452.

Under the provisions of the testator's will the title to the farm would not have vested in either of his sons until he exercised his option or right to take it by accepting it and assuming the

burdens incident thereto : Anewalt's Appeal, 42 Pa. 414 ; Neely
v. Grantham, 58 Pa. 433 ; Pyle's Appeal, 102 Pa. 317 ; Rape
v. Smith, 3 Cent. Repr. 385.

*William Maxwell,* with him *E. Overton,* for appellee.

PER CURIAM, May 27, 1901 :

The fifth paragraph of the testator's will and the 12th sec-
tion of the act of April 8, 1833, appear in Judge DUNHAM's
opinion.   The will was executed on October 26, 1887, and a cod-
icil was appended to it on October 12, 1895.   Allen O. Scouten
died in 1896, and the testator died in 1900.   In the paragraph
we have already referred to herein the testator gave to his son,
Allen O. Scouten, the balance of his personal property and his
homestead farm containing about 200 acres, more or less, sub-
ject to the payment to his wife and heirs of the sums previously
mentioned in his will.   No change was made in the will affect-
ing the bequest to Allen O. Scouten, after October 12, 1895.
If the testator, on the death of his son Allen, had determined
to transfer the bequest he had given to him, to his son Charles,
he could and undoubtedly would have signified or announced
his purpose to do so.   But there is no intimation on his part of
such a purpose, and not the slightest indication on the part of
Allen O. Scouten at any time that he desired to have the bequest
the testator provided for him transferred to his brother Charles.
Allen O. Scouten left to survive him a widow and one child,
Eugene B. Scouten, who is now sixteen years of age, and the
plaintiff in this suit.

The 12th section of the act of April 8, 1833, referred to
in the first sentence of this opinion, is pertinent to the question
involved, and is as follows: " No devise or legacy in favor of
a child or other lineal descendant of any testator, shall be
deemed or held to lapse, or become void, by reason of the de-
cease of such devisee or legatee, in the lifetime of the testator,
if such devisee or legatee shall have issue surviving the testa-
tor, but such devise or legacy shall be good and available in
favor of such surviving issue, with like effect as if such devisee
or legatee had survived the testator, saving always to every
testator the right to direct otherwise."   It seems to us that the
section we have quoted from the act of April 8, 1833, when

considered in connection with the fifth paragraph of the will, furnishes a complete and satisfactory answer to the defendant's claim.    We therefore dismiss the assignment of error and affirm the judgment entered by the learned judge of the court below.
    Judgment affirmed.